```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LIBERTY INSURANCE UNDERWRITERS, INC.,                            :
                                                                 :
                           Plaintiff,                            :
                                                                 :      20-cv-10025 (LJL)
            -v-                                                  :
                                                                 :           ORDER
EPIQ EDISCOVERY SOLUTIONS, INC.,                                 :
                                                                 :
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiff seeks to file under seal the entire Legal Solutions Services Agreement between Plaintiff, Defendant, and other insurers (the "Epiq Agreement") based on the justification that the Epiq Agreement contains information "about Epiq's fees and services that Epiq may claim is proprietary" and which has "no bearing on the claims in this action." Dkt. No. 18 at 2. It also offers that the agreement was marked as confidential when it was produced in discovery in prior litigation relating to this matter.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the sealing and must be consistent with the presumption in favor of public access to judicial documents. A party resisting disclosure may articulate countervailing factors that can outweigh the presumption of public access, including privacy interests and "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978); *see United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Plaintiff's application fails to satisfy those standards. The fact that information is subject

to a confidentiality agreement between litigants is not by itself a valid basis to overcome the presumption.  Indeed, a different standard applies to documents filed before a court that are "relevant to the performance of the judicial function and useful in the judicial process" than applies to documents exchanged between parties in discovery.  *Lugosch*, 435 F.3d at 119; *see Amodeo*, 71 F.3d at 1050 ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach and standard on a different footing than a motion filed by a party seeking action by the court.") (internal citations and quotation marks omitted).

Plaintiff says the Epiq Agreement has information that Defendant "may" claim is proprietary without identifying that information and without Defendant's views as to which information is proprietary.  The Court has reviewed the Epiq Agreement, which appears to contain extensive information that is not confidential or sensitive, including Epiq's standard terms, the parties who are obligated to pay Epiq's invoices, and the very dispute resolution mechanism upon which Plaintiff asks this Court to rely.  To the extent that some of the information in the Epiq Agreement is in fact proprietary, the parties may propose redactions to the Court.  *See United States v. Aref*, 533 F.3d 72, 93 (2d Cir. 2008) (stating "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary").

The motion is DENIED without prejudice to Plaintiff filing a copy of the Epiq Agreement with proposed redactions limited to the information that is truly confidential or sensitive and satisfies *Lugosch*.  Plaintiff may make the motion by December 3, 2020 at 12:00 p.m., after consulting with Defendant.  The Court will defer making the agreement public until December 5, 2020, after it has had the opportunity to consider the redactions and a renewed and more limited motion to seal.

The Clerk of Court is respectfully directed to close Dkt. No. 18.

SO ORDERED.

Dated: December 1, 2020  
      New York, New York

                                           LEWIS J. LIMAN  
                                      United States District Judge